UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **ANITA K. BYRD**<br>224 Surrey Circle Drive S.,<br>Fort Washington, Md 20744<br><br>　　　　　Plaintiff,<br>　　v.<br><br>**SONNY PERDUE**<br>**Secretary**<br>U.S. Department of Agriculture<br>1400 Independence Ave., S.W.<br>Washington, DC 20250,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. _____ |

## **COMPLAINT**
(Employment Discrimination)

1. Plaintiff, Anita Byrd, brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*, and 42 U.S.C. § 1981a, to remedy acts of discrimination in employment practices by the U.S. Department of Agriculture based on her race (African American), sex (female) and in retaliation for prior EEO activity.

## **JURISDICTION**

2. This Court has jurisdiction over the subject matter of this civil action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16(c).

## VENUE

3. Pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3), venue is proper in this judicial district as the acts of discrimination occurred in this district and plaintiff's personnel records are maintained by defendant in the District of Columbia.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. All of the necessary administrative prerequisites for filing the above referenced claims have been met, as the agency issued a Final Agency Decision on July 23, 2020.

## PARTIES

5. Plaintiff Anita Byrd is an African-American female. She is a citizen of the United States and of the State of Maryland. She has been employed at the U.S. Department of Agriculture for 28 years. She has engaged in prior EEO activity, including a complaint brought in 2016.

6. Defendant Sonny Perdue is the Secretary of Agriculture and the head of the U.S. Department of Agriculture (USDA). The USDA is a department within the government of the United States that has employed more than 500 persons in each of the last 20 weeks. Mr. Perdue is here sued in his official capacity only.

## STATEMENT OF FACTS

7. Plaintiff's permanent position of record was a GS-14, Program Specialist, with the Department of Agriculture (USDA), Natural Resources Conservation Service (NRCS). At all times relevant to this Complaint, Ray Coleman was the NRCS Chief Information Officer (CIO), and Ms. Byrd's supervisor of record. Mr. Coleman's supervisor was Thomas Christensen, the Associate Chief of Operations of NRCS.

8. From October 2, 2016 through April 11, 2017, Ms. Byrd served as the Director of the Project Management/Project Engineering Office at the National Information Technology Center ("NITC"), another sub-agency of the USDA. Before, during and after Ms. Byrd's detail, the position was classified as a GS-15 position. Indeed, the white male who served in that position both before and after Ms. Byrd, Steve Sanders, was paid as a GS-15.

9. Ms. Byrd brought an EEO Complaint against NRCS in late 2016 alleging that both Mr. Coleman and Mr. Christensen discriminated against her based on her race and sex. The case was investigated during the detail. Mr. Christensen was interviewed by the EEO investigator and signed an affidavit denying Ms. Byrd's claims of discrimination against him on February 8, 2017. Likewise, Mr. Coleman was interviewed and signed his affidavit denying Ms. Byrd's claims about him on February 28, 2017.

10. Ms. Byrd's detail assignment was confirmed through an Interagency Agreement ("IAA") signed by Kim Jackson, the Deputy Associate CIO of NITC and Mr. Coleman on October 14, 2016 and by Mr. Christensen on November 8, 2016. The Agreement provided that "NITC will fund Anita Byrd's salary and benefits from October 9, 2016 through April 2, 2017."

11. As agreed to in the Interagency Agreement, Ms. Byrd was detailed into the Grade 15 position, she performed all of the duties in the Grade 15 Position Description, and NITC refunded her salary to NRCS at a GS-15, Step 7. However, NRCS continued to pay her at the Grade 14 level.

12. Ms. Byrd made several attempts to secure her Grade 15, step 7, pay from USDA. She sent several emails during and after the detail ended and made several in-person and telephone contacts. Ms. Byrd contacted NRCS and NITC managers by email and in person to request confirmation.

13. In November 2017, Ms. Byrd began to reach out to her direct supervisor, Ray Coleman. She also visited the office of Darren Ash, the then-current CIO for NRCS, seeking a resolution. Mr. Ash asked Mr. Coleman to follow up with Ms. Byrd regarding the salary adjustment.

14. In retaliation for her allegations of discrimination against him, Mr. Coleman made clear that he would not take any action to make sure that Ms. Byrd was paid appropriately for her work from October 2, 2016 through April 11, 2017.

15. To date, the Agency has refused to reimburse Ms. Byrd for the difference in salary.

16. Although Plaintiff performed substantially the same duties as Steve Sanders performed, Defendant compensated her at the Grade 14 level but compensated Mr. Sanders at the Grade 15 level.

17. Both NRCS Chief Information Officer Ray Coleman, and Associate Chief of Operations Thomas Christensen were aware of Plaintiff's prior and continuing protected activity at the time they made the decisions to pay her as a GS-14 instead of as a GS-15.

18. NRCS Chief Information Officer Ray Coleman, and Associate Chief of Operations Thomas Christensen, as the management officials responsible for the decision to pay Ms. Byrd at the Grade 14 level instead of the Grade 15 level, intentionally discriminated against her based upon her sex, race and prior protected activity by maintaining Ms. Byrd's pay at the GS-14 level.

## STATEMENT OF CLAIMS

19. As previously stated herein above, defendant, through subordinate USDA management, has discriminated against plaintiff on the basis of her race, sex and in retaliation for her prior protected activity.

20. As a consequence of such sex and race-based discrimination and retaliation, Plaintiff has suffered and continues to suffer career damage, personal and professional humiliation, and emotional pain, as well as lost salary and benefits, including retirement benefits.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter judgment in her favor and against defendant on the claims of unlawful discrimination in violation of Title VII of the Civil Rights Act, and provide her with the following relief:

(a) award Plaintiff compensatory damages against Defendant in the amount of $300,000.00, plus interest thereon;

(b) order Defendant to correct plaintiff's personnel file show that she performed at the GS-15 level from October 2, 2016 through April 11, 2017.

(c) award Plaintiff back pay including contributions to retirement for the time she worked as a Grade 15 but was paid at the Grade 14 level.

(e) enjoin Defendant from futher discriminating against Plaintiff;

(f) award Plaintiff the costs of bringing and maintaining this civil action and the administrative complaints that necessarily preceded it, including reasonable attorneys' fees; and

(g) award Plaintiff such other and further relief as the interests of justice may require.

**JURY DEMAND**

Plaintiff hereby requests a trial by jury on all issues of fact, including the measure of damages.

Respectfully submitted,

  /s/ Ellen K. Renaud
Ellen K. Renaud
Bar No. 479376
SWICK & SHAPIRO, P.C.
1101 15th Street, N.W.
Suite 205
Washington, DC 20005
Tel (202) 842-0300
Fax (202) 842-1418
Email - ekrenaud@swickandshapiro.com

Attorney for Plaintiff